## Ex Parte Serrano.

## Appeal from the District Court of San Juan.

No. 75.—Decided May 12, 1904.

Dominion Title—Initial Petition—Written Title.—It is necessary to state in the initial petition instituting proceedings with reference to the ownership of real property, that the petitioner has no dominion title, to the end that he may have his rights recorded by means of the procedure prescribed by article 395 of the Mortgage Law.

Id.—Posesión para Adquirirlo—Prescripción.—Para adquirir por prescripción el dominio de los inmuebles es indispensable acreditar el tiempo de posesión del promovente, ó el que tuvieran sus causantes.

## EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San Juan, á instancia de D. Miguel Serrano Carrasquillo, sobre dominio de dos fincas rústicas, pendientes ante Nos de recuso curso de apelación interpuesto contra la sentencia dictada por el referido Tribunal de Distrito, la que copiada la letra dice así:

"Puerto Rico, Junio treinta de mil novecientos cuatro.

*Resultando*: que D. Miguel Serrano Carrasquillo promovió ante esta Corte expediente para justificar el dominio de dos fincas rústicas radicadas en el barrio de los Cedros, de la Carolina, de cuarenta y cinco cuerdas, respectivamente, valiendo la una trescientos cincuenta pesos, y cien la otra, expresando carecer de título de dominio inscrito.

*Considerando*: que sólo pueden ampararse en las prescripciones del título XIV de la Ley Hipotecaria los propietarios que carezan de título de dominio escrito circunstancia que por lo menos hay que hacer constar en el escrito inicial del procedimiento, no bastando alegar la carencia de título inscrito.

Visto el art. 395 de la Ley Hipotecaria. No há lugar á declararse el dominio intersado. Lo acordó y firma el Tribunal: certifico.—Juan Morera Martínez, Frank H. Richmond, Jose Tous Soto. Luis Méndez Vaz."

*Resultando*: que contra la expresada sentencia interpuso apelación la representación del promovente, la que fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes, y personada la apelante, se señaló día para la vista, la que se verificó sin asistencia de las partes.

Abogado del apelante: *Sr. Ginorio* (*Emigdio S.*)

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente, Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

ID.—POSSESSION TO ACQUIRE SAME—PRESCRIPTION.—In order to acquire the ownership of real property by prescription, it is necessary to show the time of possession of the petitioner or that of his predecessors in interest.

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan at the instance of Miguel Serrano Carrasquillo concerning the ownership of two rural estates, which case is pending before us on an appeal taken from the judgment rendered by said district court, which reads as follows:

"Porto Rico, June 30, 1904. Miguel Serrano Carrasquillo instituted proceedings in this court to establish the ownership of two rural estates situated in *barrio* 'Cedros,' of Carolina, containing forty and five *cuerdas*, respectively, one of the value of three hundred and fifty dollars, and the other of one hundred dollars, and averred that he had no recorded title of ownership.

"Only landowners who have no written title of ownership can avail themselves of the provisions of title XIV of the Mortgage Law, which circumstance, at least, must be stated in the initial petition instituting the proceedings, it not being sufficient to allege the want of a recorded title.

"In accordance with article 395 of the Mortgage Law, the declaration of ownership requested is denied. So ordered and signed by the court, to which I certify. Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From this judgment counsel for the petitioner took an appeal, which was admitted both for a review and a stay of proceedings, and the record having been sent up to this court, after a citation of the parties, and the appellant having appeared, a day was set for the hearing, which took place without the attendance of any of the parties.

*Mr. Ginorio (Emigdio S.)*, for appellant.

*Mr. del Toro, Fiscal,* for the People.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando*: que los testigos Don Eduvigis Viera y Rodriguez y D. Felipe Reyes y Pérez, única prueba producida por el promovente, sólo declaran que éste es dueño en pleno dominio, desde hace tiempo, de las dos fincas rústicas de que se trata en el presente informativo.

*Considerando*: que, aparte de no expresarse en el escrito inicial de estas diligencias, que el promovente Don Miguel Serrano Carrasquillo, careciera de título de dominio, como era necesario para que pudiera inscribir su derecho por medio del procedimiento supletorio que establece el art. 395 de la Ley Hipotecaria vigente, aparece además que la información practicada no ofrece mérito bastante para dictar la declaratoria de dominio que se interesa, pues los testigos presentados no acreditan el tiempo de posesión que lleve el promovente, ni el que llevaran sus causantes, requisito necesario para que pudiera estimarse bien probada la adquisición del dominio de un inmueble por la prescripción.

*Vistas* las disposiciones legales aplicables al caso.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

The findings of fact of the judgment appealed from are accepted.

The witnesses Eduvigis Viera y Rodríguez and Felipe Reyes y Pérez, who furnished the only evidence produced by the petitioner, merely testify that the latter has been for some time the full owner of the two rural estates involved in the present proceeding.

Apart from the fact that it is not stated in the initial petition instituting these proceedings that the petitioner, Miguel Serrano Carrasquillo, has no title of ownership, as was necessary to enable him to record his right by means of the supplementary proceedings prescribed by article 395 of the existing Mortgage Law, it also appears that the investigation made does not afford sufficient grounds upon which to base the declaration of ownership applied for, inasmuch as the witnesses produced fail to establish the time of the petitioner's possession or that of his predecessors in interest, which requisite is essential in order to consider as properly proven the acquisition of the ownership of the property by prescription.

In consideration of the legal provisions applicable to the case, we adjudge that we ought to affirm and do affirm the judgment appealed from, with costs against the appellant.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.